Judge Mills
delivered the Opinion of the Court.
Miller, the appellant, purchased a tract of land from the appellee, Richmond Hall, and executed his bonds for the purchase money, and received from Hall the assignment of a bond on a certain Wilson, stipulating to convey the land. Hall assigned one of the bonds for the purchase money to the appellee, Hanks, who brought suit thereon and recovered judgment; the rest of the bonds still remaining unpaid in the hands of flail.
To be relieved against this judgment, and vacate the contract entirely, Miller filed this bill, relying upon the grounds that Hall, when he sold the land, did not possess it as owner, but as a tenant to an adverse claimant from whom he had first taken a lease, and after entering under the lease had bought of Wilson, another claimant, and had taken his bond to convey the land, and had concealed that circumstance, when be sold to Miller. That the lease was .not expired at the sale, and that he, Miller, was Hound to surrender the land to the lessor, and had done so.
Hanks, the assignee, answered the bill. Against Hall, as a non resident, publication was directed.
The court below dismissed the bill on the merits —to reverse which decree this appeal is prosecuted.
We differ from the court below on the merits of the case, and do not conceive that the claim can b© sustained. But as there are other points on a reversal of the decree, affecting the regularity of the proceedings, which must send the cause back for new proceedings, we forbear to render an opinion in detail upon'the merits, as they may be much altered before another hearing.
Hall was a necessary party, especially as the whole contract cannot be vacated without him.
An order of publication was regularly made against him in court. But the copy which is certified with the proof of its publication, has not with it, *243 or on it, the date or term at which it was made. It requires the defendant'to appear at the next April term, but at what April term, as a term of the same name revolves every year, cannot be told for the want of the date or term, at which the order was mas made. Of course the defendant could not be bound to'appear, or know certainly when to appear.
The certificate of the publication of the order must shew in what successive months the order was published.
The editor of the paper, not his proxy, must certity the publication, and that he is editor must be stated on the certificate'.
Decree reversed for new proceedings where there was a want of parties.
Triplett for appellant: Monroe for appellees.
All such publications, are taken as constructive notice, instead of the service of process, and they ought to be held to a strict compliance with the law.
The certificate proving the insertion of the order, is also defective in not stating for what two successive months, the order was inserted. There is no date to the certificate, and it was not filed for nearly two years after the order was 'made,, during which, many periods of two months each, had passed by, and an insertion of the order during either of them, would have been a literal compliance with the letter of the certificate.
Add to this, that it doés not appear that the certificate was given by the editor of the paper in which it was inserted. Such-certificates are made evidence of insertion by act of assembly, and the statement of an editor without oath, is to be taken as a sheriff’s return, and the editor, pro hac vice, as a sheriff. It however does not follow that the court is bound judicially to know who is editor. It is, therefore, requisite that the editor should state himself to be the editor of the paper in which the insertion is made. Nor do we conceive that he can perform this act by proxy, as is attempted here. For the order is signed “Robert Spencer for John Spencer” and there is nothing telling whether either oí them is editor.
For these reasons the proof of the publication of the order is held to be utterly defective, and the court ought not to have dismissed the bill absolutely, because the cause was unprepared as to a necessary party.
The decree must he reversed with costs, and the cause be remanded for new proceedings, not iuconeistent with this opinion.